

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

October 29, 1974

The Honorable George W. McNeil
State Auditor
Sam Houston State Office Bldg.
Austin, Texas 78711

Dear Mr. McNeil:

Opinion No. H- 435

Re: Airline security charge
as part of airline fare
in determining mileage
reimbursement.

The Appropriations Act for fiscal 1974 and 1975 (Acts 1973, 63rd Leg. ch. 659, p. 1786), in Section 12 of Article 5, governing travel allowance for state employees, authorizes the use of personally owned motor vehicles even where commercial airline service is available, with the following limitation at p. 2204:

> The maximum reimbursement for out-of-state transportation for the use of personally owned motor vehicles <u>shall be that amount that the employee would have incurred had he taken the lowest available airline fare plus the per diem necessary to complete such flight.</u> The determination of the allowance due owners of personally owned motor vehicles in compliance with this paragraph shall be as follows: (1) Per diem shall be determined by the use of an airline schedule which would have sufficed for the performance of the official business. (2) Expenses of transportation to airfields from points where commercial air transportation is not available shall be allowed in addition to the cost of the lowest available airline fare. (3) When additional passengers are conveyed in out-of-state trips in personally owned motor vehicles, they shall receive as their expenses per diem based on motor vehicle travel time. (4) Persons traveling to points not served by airlines shall receive mileage and per diem based on actual miles traveled and other expenses as authorized elsewhere in this Act for out-of-state travel. (emphasis added)

Due to events of recent history, security procedures have been instituted at our airports and the expense of those procedures, initially paid pro rata by the airlines using the facility, are passed on to passengers by means of a surcharge appearing on their tickets in addition to the usual fare and taxes.

You have asked whether the security charge is an element of the lowest airline fare available so as to enter into the computation of reimbursable expenses for the use of a personal motor vehicle.

It is apparent, from the language we have quoted above, that it was the purpose and intent of the Legislature that, while an employee would be permitted to use a personal motor vehicle in out of state travel, regardless of the actual expense incurred, he would be reimbursed only in the amount he would have incurred had he taken an airline and paid the lowest available fare. The limit is what it would have cost the employee had he used commercial airlines, including per diem, ground transportation, any taxes on airline fares, and any other charges which he is required to pay as part of his transportation. The security surcharge falls within this category and should, in our opinion, be considered in determining the maximum amount which an employee may be reimbursed for use of his personal vehicle for travel where airline service is available.

## S U M M A R Y

The security charge added on the air fare is part of the expenses an employee would incur when traveling at the lowest available airline fare and, therefore, should be considered in determining the maximum amount of expense for which he may be reimbursed when using a personal vehicle.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee